**DISTRICT COURT OF TULSA COUNTY**
**STATE OF OKLAHOMA**



DISTRICT COURT
FILED
FEB 26 2021
DON NEWBERRY, Court Clerk
STATE OF OKLA. TULSA COUNTY

SHERI CHRISTINE WHITNEY, )
)
Plaintiff, )
) Case No. CJ-2021-00596
v. )
)
WALMART, INC.; WAL-MART ) WILLIAM MUSSEMAN
ASSOCIATES, INC.; WAL-MART )
STORES EAST, LP; and, WAL-MART )
REAL ESTATE BUSINESS TRUST, )
)
Defendants. )
)

## PETITION

Plaintiff alleges and states:

1. Plaintiff Sheri Christine Whitney is a resident of Oklahoma.

2. Defendant Walmart, Inc., was and is a foreign for-profit business corporation doing business within the State of Oklahoma.

3. Defendant Wal-Mart Associates, Inc., was and is a foreign for-profit business corporation doing business within the State of Oklahoma.

4. Defendant Wal-Mart Stores East, LP, was and is a foreign limited partnership doing business within the State of Oklahoma.

5. Defendant Wal-Mart Real Estate Business Trust was and is a foreign business trust owning property within the State of Oklahoma, in particular the property located at 2019 E. 81st Street, Tulsa, Oklahoma 74137 and commonly known as Supercenter #992.

### Object and Nature of Action

6. This is a premises liability action by Plaintiff to recover actual and punitive damages as a result of the negligence and gross negligence of the Defendants and their employees, agents and


EXHIBIT 2

representatives, which created a hazardous situation resulting in Plaintiff slipping, falling and sustaining personal injuries at the Walmart Supercenter #992, located at 2019 E. 81st St., Tulsa, Oklahoma on June 1, 2020.

### **Safety Rules that Must Be Followed**

7. Safety rules require that companies like Defendants avoid creative concealed dangers on their properties.

8. Safety rules require that all businesses take care of hazards created on their premises without delay, in order to prevent serious injury to all persons.

9. Safety rules require that all businesses provide walking surfaces with proper traction, without delay, in order to prevent serious injury to all persons.

10. Safety rules require that all businesses warn invitees about known hazardous conditions in order to prevent serious injury to all persons.

11. Safety rules require that all businesses take care of known hazardous conditions, without delay, in order to prevent serious injury to all persons.

12. Safety rules require that all businesses have procedures for dealing with hazardous conditions in order to prevent serious injury to all persons.

13. Safety rules require that all businesses have enough employees to deal with hazardous conditions, without delay, in order to prevent serious injury to all persons.

14. Safety rules require that all businesses make sure their employees are properly trained to deal with hazardous conditions, without delay, in order to prevent serious injury to all persons.

15. Safety rules require that all businesses make sure their employees are properly supervised and deal with hazardous conditions, without delay, in order to prevent serious injury to all persons.

16. Safety rules require that all businesses make safety of persons on their properties the priority over other factors such as convenience or profits.

### Facts

17. On June 1, 2020, Defendants owned and/or operated the Wal-Mart Supercenter #992 located at 2019 E. 81st St., Tulsa, Oklahoma.

18. Defendants acted through their employees, agents and representatives on the date of Plaintiff's fall.

19. A gooey, sticky and slippery substance was on the floor in and around the checkout area in the subject property at the time of Plaintiff's fall.

20. Defendants created a hazardous situation by not cleaning up the gooey, sticky and slippery substance in and around the checkout area at the time of Plaintiff's fall.

21. Defendants created a hazardous situation by failing to make sure that the walkway in and around the checkout area was dry and safe for invitees before Plaintiff's fall.

22. Defendants created a hazardous situation by not placing a floor mat in and around the checkout area before Plaintiff's fall.

23. Defendants created a hazardous situation by not placing a warning in and around the checkout area to warn of the gooey, sticky and slippery conditions before Plaintiff's fall.

24. Defendants deliberately refrained from and/or postponed taking care of these known problems and the cause of said conditions.

25. On or near June 1, 2020, Plaintiff was a business invitee at the subject property.

26. Although Plaintiff was being careful as she walked, the walkway/floor was unexpectedly sticky, slippery and hazardous.

27. When Plaintiff's foot contacted the sticky and slippery floor, it slid, stuck and she fell.

28. As a result of her fall, Plaintiff suffered injuries to her head, right hand, right knee, and right shoulder which required medical treatment to include surgery and physical therapy.

## Count 1

29. Plaintiff, Sheri Christine Whitney, incorporates Paragraphs 1-28 herein by reference.

30. Defendants acted through their employees, agents and representatives for whose negligent actions Defendants are vicariously liable.

31. Defendants owed their patrons, invitees, and others a duty of reasonable care to keep the subject property reasonably safe and to disclose concealed hazards on the property.

32. Defendants breached their duty of reasonable care and were negligent in the ownership and maintenance of 2019 E. 81st St., Tulsa, Oklahoma, in the following aspects:

   a. Defendants created a hazardous situation by failing to prevent or clean up the gooey, sticky and slippery substance in and around the checkout area;
   b. Defendants created a hazardous situation by failing to prevent or clean up the gooey, slippery and sticky substance in and around the checkout area;
   c. Defendants created a hazardous situation by failing to ensure that any substance in and around the checkout area was dried up so that people walking through this area were provided adequate traction;
   d. Defendants created a hazardous situation by failing to provide warnings about the gooey/sticky/slippery floor in and around the checkout area;
   e. Defendants were negligent in failing to have enough employees, agents and representatives to promptly deal with hazards as they arose;
   f. Defendants were negligent in failing to have adequate policies for their employees, agents and representatives to promptly deal with hazardous conditions at the property;
   g. Defendants were negligent in failing to properly train their employees, agents and representatives in preventing and promptly dealing with hazardous conditions;

      h.    Defendants were negligent in failing to provide a safe walkway prior to Plaintiff's fall; and,

      i.    Other acts and omissions not yet identified.

33.    Defendants' acts and omissions were willful, wanton and/or constituted gross negligence.

34.    As a direct result of Defendants' negligence, Plaintiff suffered injuries and damages, for which she seeks compensatory damages, as follows:

      a.    Physical injuries to her body;
      b.    Medical expenses, past and future;
      c.    Physical pain and suffering, past and future;
      d.    Mental pain and suffering associated with and due to her physical injuries, past and future;
      e.    Physical impairment, past and future and,
      f.    Other damage(s) to be set forth more fully after discovery is completed.

35.    Furthermore, Defendants' acts, and omissions were done recklessly with disregard for the safety of the entire community, so as to justify the imposition of punitive damages to deter others from the same or similar conduct.

## Count II

36.    Plaintiff, Sheri Christine Whitney, incorporates Paragraphs 1-35 herein by reference.

37.    Defendants' acts and omissions set forth above led to the creation of a nuisance, namely the unsafe checkout area.

38.    Defendants' acts and omissions in the creation of the nuisance were willful, wanton and/or constituted gross negligence.

39.    As a direct result of Defendants' creation of such nuisance, Plaintiff suffered injuries and damages for which she seeks compensatory damages, as follows:

a. Physical injuries to her body;
b. Medical expenses, past and future;
c. Physical pain and suffering, past and future;
d. Mental pain and suffering associated with and due to her physical injuries, past and future;
e. Physical impairment, past and future; and,
f. Other damage(s) to be set forth more fully after discovery is completed.

40. Furthermore, Defendants' acts and omissions which created such nuisance were done recklessly with disregard for the safety of the entire community, so as to justify the imposition of punitive damages to deter others from the same or similar conduct.

WHEREFORE the Plaintiff, Sheri Christine Whitney, prays for an award of actual and punitive damages against Defendants Walmart, Inc.; Wal-Mart Associates, Inc.; Wal-Mart Stores East, LP; and, Wal-Mart Real Estate Business Trust, in an amount in excess of the amount required for diversity jurisdiction pursuant to 28 U.S.C. § 1332, plus costs, interest, and such other and further relief as the Court shall deem proper.

ATTORNEYS' LIEN CLAIMED            Respectfully submitted,

_____
Andrea R. Clinger, OBA #31910
CARR & CARR
4416 S. Harvard Ave.
Tulsa, OK 74135
Telephone: (918) 747-1000
Facsimile: (918) 747-7284
aclinger@carrcarr.com
**ATTORNEY FOR PLAINTIFF**